CHARLES GREITE, Respondent, *v.* CHARLES HENRICKS, Appellant, Impleaded with LEOPOLD KORNICK.

*Covenant not to engage in a certain business within a certain period or a certain distance — not against public policy.*

In a bill of sale given by Charles Henricks for the sale of premises used for hotel and saloon purposes to one Kornick, the former, for a valuable consideration, covenanted that neither Henricks nor his wife would in any manner engage in any hotel, inn-keeping, saloon, restaurant or boarding-house business within one-half mile from certain premises therein described at any time within five years from the date thereof. Kornick for a valuable consideration thereafter gave a bill of sale of the same property to one Griete, and provided therein that the same was given subject in all things to the terms, conditions and covenants in the first bill of sale expressed, and by its terms made the first bill of sale part and parcel thereof.

Henricks, within five years of the date of the first bill of sale and within one-half mile of the premises therein described, opened a saloon and hotel.

*Held,* that the covenant not to engage in any hotel, inn-keeping, saloon, restaurant or boarding-house business was valid, and was not in general restraint of trade; that it was based upon a good consideration, was beneficial to the purchaser, and that its violation would be injurious to him ;

That while such covenant was personal when it was made, it was legally incorporated in the second bill of sale; and passed to the grantee therein named, and that it was bought by him as incident to the premises, and was assignable.

APPEAL by the defendant, Charles Henricks, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 19th day of November, 1892, for the sum of $1,200 damages, and awarding the said plaintiff a permanent injunction against the defendant, restraining him from carrying on the business of a hotel, restaurant, saloon keeper, etc., after a trial by the court at the Westchester Special Term.

The court found, among others, the following facts :

That prior to the 15th day of January, 1891, the defendant Charles Henricks carried on the business of keeping a hotel, saloon, boarding house and restaurant in the city of Mount Vernon, on the premises No. 3 South Fifth avenue and Nos. 18 and 20 West First street.

That by a written instrument under seal, bearing date January 15, 1891, in consideration of $5,000, defendant Charles Henricks, as party of the first part, granted, bargained and sold to defendant Leopold Kornick, his executors, administrators and assigns, as party

of the second part, the personal property, chattels, stock, fixtures and furniture and other articles in, upon or about the premises occupied by said Henricks, No. 3 South Fifth avenue, and 18 and 20 West First street, used by said Henricks in the business of keeping a hotel, saloon, boarding house and restaurant, and also the good will of said business.

That said Kornick took possession of said property under said instrument, and carried on said business therein referred to.

That in and by said instrument said defendant Henricks covenanted as follows :

" And I, the said party of the first part, for the consideration aforesaid, and in consideration of the sum of one dollar, to me in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, hereby covenant and agree to and with the said party of the second part, that neither I, the said party of the first part, nor my wife, shall in any manner carry on or engage in any hotel, inn-keeping, saloon, restaurant or boarding-house business within one-half mile from said premises at any time within five years from the date hereof, and further, that during said period no other person shall carry on such business in any part of the premises now owned by me on said Fifth avenue."

That by a written instrument under seal, bearing date March 30, 1891, in consideration of $5,000, said defendant Leopold Kornick assigned and transferred to this plaintiff, Charles Greite, said instrument executed by defendant Charles Henricks, dated January 15, 1891, the articles of personal property therein referred to, together with all rights and privileges thereby secured and the business of keeping a hotel, saloon, boarding house and restaurant, and also the good will of said business. Said Greite took possession of said property under said instrument and carried on and continues to carry on the business therein referred to.

That when defendant Henricks executed said instrument to defendant Kornick, he owned the fee of the premises No. 3 South Fifth avenue, and was lessee of the premises 18 and 20 West First street, which lease said Henricks assigned to said Kornick under said instrument. Said lease expired May 1, 1892.

That after defendant Henricks had executed said instrument to defendant Kornick and before the lease therein referred to expired,

said Henricks acquired the fee of the premises 18 and 20 West First street.

That prior to the expiration of the lease of said premises 18 and 20 West First street and No. 3 South Fifth avenue, defendant Henricks notified plaintiff that plaintiff must vacate said premises on May 1, 1892.

That plaintiff applied to defendant Henricks for a new lease of said premises, but defendant Henricks refused to lease said premises to plaintiff and compelled plaintiff to vacate said premises on the 1st of May, 1892, when plaintiff's lease of said premises expired.

That in May, 1892, defendant Henricks opened a saloon on the premises Nos. 18 and 20 West First street, and ever since has carried on a saloon business on said premises and still carries on said business.

That plaintiff requested defendant Leopold Kornick to bring an action to restrain defendant Henricks from carrying on said saloon business on said premises until January 15, 1896. Said Kornick refused to bring said action or to join plaintiff as a plaintiff in this action. Said Kornick was then made defendant in this action.

That the plaintiff on and after May 2, 1892, carried on the said business purchased by him as aforesaid from defendant Kornick and continues to carry on said business on premises adjoining said 18 and 20 West First street.

The bill of sale from Kornick to Greite contained, after the description of the property sold, the following provisions, " being the same property mentioned and described in a certain bill of sale, executed and delivered by Charles Henricks to me, the said Leopold Kornick, bearing date on the fifteenth day of January in the year eighteen hundred and ninety-one, and this bill of sale being given subject in all things to the terms, conditions and covenants in the said bill of sale from the said Charles Henricks expressed, and which said last-mentioned bill of sale forms part and parcel hereof."

*David Swits,* for the appellant.

*Martin J. Keogh,* for the respondent.

BARNARD, P. J. :

The defendant Kornick conveyed a hotel, saloon, boarding-house and restaurant business to the plaintiff in Mount Vernon, N. Y.

The consideration for the transfer was $5,000, and by the terms of the bill of sale, the covenants and conditions contained in a bill of sale from defendant Henricks to defendant Kornick, were made applicable to the sale to plaintiff. The bill of sale from Henricks to Kornick contained this covenant : " Neither I, the said party of the first part, nor my wife, shall, in any manner, carry on or engage in any hotel, inn-keeping, saloon, restaurant or boarding-house business within one-half mile from said premises, at any time within five years from the date hereof." The date was 15th of January, 1891. The business was conducted upon premises known as 3 South Fifth avenue and 18 and 20 West First street, Mount Vernon. The Fifth avenue property was owned by Henricks, and he was the lessee of the West First street property when he sold to Kornick under a lease which expired May 1, 1892. In 1891, Henricks bought the First street property and gave notice to plaintiff to vacate at the end of the lease. The plaintiff then bought the adjoining property and continued his business therein. On the 2d of May, 1892, Henricks opened the same business on the old premises. The covenant was valid. It is not in general restraint of trade. It was based upon a good consideration. It was beneficial to the purchaser, and its violation will be injurious to him. The rule governing such covenants is settled by the Court of Appeals in *Diamond Match Company* v. *Roeber* (106 N. Y. 473).

The covenant between the defendants was personal when made, but when the sale was made to the plaintiff, this covenant was legally incorporated in it. The case was then one where Henricks had sold a business carried on in certain premises partly owned by him and partly hired, and had covenanted not to open a like business within a half mile within five years, nor to permit anyone to carry on the business in the Fifth avenue premises owned by him. The lease was given under this condition to Kornick, and before it expired, it was sold to plaintiff. This personal covenant, under these circumstances, passed to plaintiff. It was bought by Kornick as incident to these premises, and was assignable.

The judgment should be affirmed, with costs.

PRATT, J., concurred ; DYKMAN, J., not sitting.

Judgment affirmed, with costs.